Johnson J. delivered
the opinion of the Court.
When this case was argued, the principal matter of contest between the counsel, seemed to be as to the fact whether the defendant’s death occurred before or after the expiration of the rule to plead. The counsel for the defendant has since, by reference to documents, satisfied himself that it was after; and, in conceding that point, -was understood to admit that the rule was against him- The Court, at least, is of that opinion. The rule to plead having expired, the plaintiff was inti tied to enter up interlocutory judgment; and the authorities all agree, that the death of the defendant, after interlocutory judgment, does not abate the suit. Com. Dig. Abatement, H. 34.*
*22 The suit’s having been commenced by writ of foreign attach- ° J ° nn,en.t# cannot, I apprehend, vary the question. The effect of the interlocutory judgment must be the same, whether the suit is commenced in this way, or by process against the person.
Motion granted.

 Tile authority cited, certainly countenances the opinion, that at Common Law, the death of the defendant, after interlocutory judgment, did not abate the action. But the cases are conflicting, and the .later authorities lay it down, that, by the Common Law, the action abates by the death of either party at any time before final judgment. The abatement is, however, prevented in many cases by statute, as in the case of death of either plaintiff or defendant, after interlocutory, and before final judgment, by the statute 8 and 9, W. 3. c. 11. This statute has been copied into our act of Assembly of 1746, P. L. 212, and whether it be regarded as a declaratory or remedial act, must furnish the rule for oases of this description. By the provisions of that act, the action abates, unless it be such an action as would have survived to the executor; but if it be such an action as would have survived, it shall not abate, but a scire facias shall issue to the executors or administrators to execute a writ of inquiry. In the principal case, the Court does not recognize any peculiar efficacy in the writ of attachment, as being a proceeding in rem, to prevent the abatement, and, therefore, it was, perhaps, irregular to permit the case to be called for trial, before a scire facias to the executors. 2 Archbold’s Pr. 79, 2 Sellon’s Pr. 193, and see the provisions of the act. (supra.)
In England it has been held, that the interlocutory judgment must be actually signed before the death of the defendant, or the action abates, al *22 though the rule to plead has expired. Sibbet v. Russell. Ca. Temp. Hardw. 183. Wallop v. Irwin, 1 Wilson, 315. The case of Executors Lynch v. Executors Inglis, 1 Bay, 449, seems to be opposed to the English rule; but that case was decided on the equity of the statute 17, Car. 2, c. 8. P. L. 79. The present case may, perhaps, be regarded as an authority, that an actual signing of judgment is unnecessary; and, indeed, it would seem that the indorsement on the record of an order for judgment is not essential, hut that the mere expiration of the rule to plead, is sufficient to prevent the abatement. There is, however, somewhat of hardship in holding the executor concluded, even by an order for interlocutory judgment: Whenever an appearance has been entered, the defendant is intitled by the 2nd rule of court, to vacate the judgment as of course, at any time before the second day of the succeeding term, and to plead then to the merits; and certainly no good reason can be given why, if he dies before that time, his executor should be deprived of a similar privilege. The very entry of an appearance implies an intention to deny the whole cause of action; and an abandonment of that intention cannot reasonably be presumed unless the whole time allowed for making such a defence has elapsed, previous to the death of the defendant. The rule laid down in Sibbet v. Russell, and Wallop v. Irwin, if adopted literally, would be inconvenient in our practice, in which, interlocutory judgment is never signed, and is only entered on the record after final judgment has been obtained. But the principle of that rule is not only unobjectionable, but just and reasonable; it abates the action whenever the defendant dies before the period, after which he would have been precluded from pleading to the merits, which in the English practice is not until interlocutory judgment signed; and the reason is, that unless the action does abate, there is no way in which the executor can plead to the merits. The importance of settling the rules of practice on rational and intelligible principles, will, it is hoped, be received as an apology for these remarks. R.